Daniel Eugene REMETA *v.* STATE of Arkansas

CR 87-214                                    761 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*J. Randolph Shock*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

Per Curiam. ■   The appellant, Daniel Eugene Remeta, moves to be appointed co-counsel in his appeal and to be allowed to argue orally in person. Those motions are denied. We deny as well his motion to supplement the brief to be filed by his attorney. However, we note that if, after his attorney's brief is filed, Remeta files a motion demonstrating that his attorney's brief is inadequate he may be permitted to file a supplemental brief, pro se. *See Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986).

We also deny, without prejudice, Remeta's request to be allowed additional pages in the argument portion of his brief. *See Pemberton* v. *State*, 291 Ark. 198, 723 S.W.2d 372 (1987).

The brief to be filed by Remeta's attorney is due in sixty days.

Purtle, J., would grant.

John I. Purtle, Justice, dissenting. It is fundamental that a person has the right to represent himself in any legal proceeding. It is also fundamental that any attorney may employ or associate another attorney to assist him or handle the case. This court, usually by way of per curiam, frequently requires pro se petitioners to comply with the same standards which apply to lawyers. If we are going to hold inmates to the same standard of performance as practicing attorneys, it seems to me that we are bound to allow them the same privileges in trying their own case — including the opportunity to argue their own case before the court.